UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

BEST TRAILS AND TRAVEL CORP.,

                      Plaintiffs,

       - against -

NEW YORK CITY; NEW YORK CITY DEPARTMENT       26-cv-02944(CM)
OF ENVIRONMENTAL PROTECTION; LISA F. GARCIA
(SOLELY IN HER CAPACITY AS THE COMMISSIONER
OF THE NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION); NEW YORK CITY
POLICE DEPARTMENT; JESSICA S. TISCH (SOLELY IN
HER CAPACITY AS THE COMMISSIONER OF THE
NEW YORK CITY POLICE DEPARTMENT); NEW YORK
CITY DEPARTMENT OF PARKS & RECREATION;
TRICIA SHIMAMURA (SOLELY IN HER CAPACITY AS
THE  COMMISSIONER OF THE NEW YORK CITY
DEPARTMENT  OF PARKS & RECREATION); NEW
YORK CITY DEPARTMENT  OF SANITATION;
GREGORY ANDERSON (SOLELY IN HIS CAPACITY AS
THE COMMISSIONER OF THE NEW  YORK CITY
DEPARTMENT OF SANITATION); AND NEW
YORK CITY OFFICE OF ADMINISTRATIVE TRIALS
AND  HEARINGS (OATH), AND

"JOHN DOE" AND "JANE DOE" NUMBERS 1-50,
fictitiously named parties, true names unknown, the
parties intended being those persons who succeed, if at all,
the above mentioned Commissioners;

                    Defendants.

------------------------------------------------------------------------- X

## CITY  DEFENDANT'S  MEMORANDUM  OF LAW  IN  FURTHER  SUPPORT  OF  THEIR MOTION TO DISMISS

                              **STEVEN BANKS**
                              Corporation Counsel of the
                              City of New York
                              *Attorney for Defendant*
                              100 Church Street,
                              New York, New York 10007

Tel: (212) 356-2212

MICHELLE GOLDBERG-CAHN
MARK MUSCHENHEIM
GENAN F. ZILKHA
            Of Counsel,

DARRYL BOBB (On the Brief, not admitted in the SDNY)

July 22, 2026

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................II

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT...................................................................................................................... 2

    I.    STANDARD OF REVIEW .............................................................................. 2

    II.    THE DORMANT COMMERCE CLAUSE CLAIM FAILS ......................... 2

    III.    THE DUE PROCESS CLAIMS FAIL ............................................................ 4

        A.    The Idling Law Does Not Violate Due Process................................... 4

        B.    The Idling Law Does Not Violate Substantive
            Due Process ..................................................................................... 6

    IV.    THE IDLING LAW IS NOT UNCONSTITUTIONALLY VAGUE ............. 6

    V.    THE EQUAL PROTECTION CLAIMS FAIL .............................................. 8

    VI.    THE EXCESSIVE FINES CLAIM FAILS..................................................... 9

CONCLUSION................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                              **Pages**

Ass'n of Int'l Auto. Mfrs. v. Abrams,
    84 F.3d 602 (2d Cir. 1996)...................................................................................................3

Bus. for a Better N.Y. v. Angello,
    341 F. App'x 701 (2d Cir. 2009) ..................................................................................... 3-4

Catalano v. Grimmway Enters., Inc.,
    No. 24 Civ. 8817 (NAR), 2026 U.S. Dist. LEXIS 55793
    (S.D.N.Y. Mar. 13, 2026) ...................................................................................................2

Certified Collision Experts, Inc. v. Town of Babylon,
    No. 23-CV-08524 (JMA) (LGD), 2024 U.S. Dist. LEXIS 216318
    (E.D.N.Y. Nov. 27, 2024) ...................................................................................................8

De Jesus v. Sears, Roebuck & Co.,
    87 F.3d 65 (2d Cir. 1996),
    cert denied 519 U.S. 1007 (1996) ......................................................................................2

Dittmer v. Cty. of Suffolk,
    59 F. App'x 375 (2d Cir. 2003) .........................................................................................6

Hunt v. All. N. Am. Gov't Income Tr., Inc.,
    159 F.3d 723 (2d Cir. 1998)...............................................................................................2

Manbeck v. Town of Lewisboro,
    05 Civ. 4576 (CLB)(GAY), 2008 U.S. Dist. LEXIS 109123
    (S.D.N.Y. Mar. 4, 2008) ....................................................................................................9

Mathews v. Eldridge,
    424 U.S. 319 (1976)...........................................................................................................5

McCartney v. City of N.Y.,
    No. 23 Civ. 8232 (NRM) (JAM), 2025 U.S. Dist. LEXIS 188275
    (E.D.N.Y. Sept. 23, 2025)..................................................................................................9

Metro Produce Distribs. v. City of Minneapolis,
    473 F. Supp. 2d 955 (D. Minn. 2007)..........................................................................4,7, 8

Nat'l Shooting Sports Found., Inc. v. James,
    144 F.4th 98, 117 (2d Cir. 2025),
    cert. denied No. 25-1026, 2026 U.S. Dist. LEXIS 2486
    (2d Cir. June 15, 2026) .......................................................................................................3

**Cases** <span style="float:right">**Pages**</span>

Pike v. Bruce Church,
    397 U.S. 137 (1970)..................................................................................................3

Progressive Credit Union v. City of N.Y.,
    889 F.3d 40 (2d Cir. 2018)......................................................................................9

Rest. L. Ctr. v. City of N.Y.,
    90 F.4th 101 (2d Cir. 2024) ....................................................................................3

Rivera-Powell v. N.Y.C. Bd. of Elections,
    470 F.3d 458 (2d Cir. 2006)................................................................................ 4-5

Segura v. Niblack,
    No. 25 Civ. 491 (AMD)(PK), 2026 U.S. Dist. LEXIS 97692
    (E.D.N.Y. Mar. 16, 2026) ......................................................................................10

Selevan v. N.Y. Thruway Auth.,
    584 F.3d 82 (2d Cir. 2009)......................................................................................3

Torres v. City of New York,
    590 F. Supp. 3d 610 (S.D.N.Y. 2022)...................................................................10

United States Baseball v. City of N.Y.,
    509 F. Supp. 2d 285 (S.D.N.Y. 2007).....................................................................3

Univ. Club v. New York,
    842 F.2d 37 (2d Cir. 1988)......................................................................................5

Vizio, Inc. v. Klee,
    886 F.3d 249 (2d Cir. 2018).....................................................................................3

Wantanabe Realty Corp. v. City of N.Y.,
    315 F. Supp. 2d 375 (S.D.N.Y. 2003).....................................................................6

Yasko v. N.Y. Univ.,
    63 F.4th 186 (2d Cir. 2023) .....................................................................................2

**Statutes**

15 R.C.N.Y. § 39-02 ....................................................................................................7

15 R.C.N.Y. § 43-02 ....................................................................................................2

48 R.C.N.Y. § 6-07 ......................................................................................................6

48 R.C.N.Y. §§ 6-08-15...............................................................................................6

**<u>Statutes</u>**                                                                              **<u>Pages</u>**

48 R.C.N.Y. § 6-13(b) ................................................................................................5

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 2, 3

N.Y.C. Admin. Code § 24-163(a).........................................................................1, 7

N.Y.C. Admin. Code § 24-163(f) ............................................................................7

N.Y.C. Admin. Code § 24-182 ................................................................................1

City Defendants, by their attorney, Steven Banks, Corporation Counsel of the City of New York, submit this reply memorandum of law in further support of their motion to dismiss the Complaint (ECF 4) pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff BEST TRAILS AND TRAVEL CORP.'s memorandum of law in opposition ("Pl. Op.") to City Defendants' Motion to Dismiss is replete with misrepresentations of City Defendants' arguments and misstatements of the standard for a motion under Fed. R. Civ. P. 12(b)(6). See ECF 85 & 86. Plaintiff asks the Court to ignore facts based on, for example, the website of the New York City Department of Environmental Protection ("DEP"), and instead accept as true the many fabrications in the Complaint. Simultaneously Plaintiff argues – incorrectly – that many of its claims cannot be resolved on a motion to dismiss. Finally, Plaintiff requests leave to replead. Yet the issues in the Complaint go beyond being poorly plead; even if Plaintiff were granted leave to replead, there are no cognizable causes of action that would, in the best of circumstances, survive a motion to dismiss. To start, the dormant Commerce Clause claim fails because there is no burden on interstate commerce; private bus companies are treated equally whether or not they travel interstate. The procedural due process claim fails because Plaintiff is provided with both pre- and post-deprivation process. The substantive due process claim fails because Administrative Code of the City of New York ("Admin. Code") §§ 24-163(a) and 24-182 ("Idling Law") has a rational relationship to a government interest – here reducing unnecessary vehicle idling. The void for vagueness claim fails because Plaintiff identifies nothing vague about the Idling Law. The Equal Protection claims fail because, at a minimum, Plaintiff cannot identify an adequate comparator. Finally, Plaintiff's excessive fines claim fails because it is based on the continued accrual of penalties for violations of the Idling Law, not on any constitutional defect in the penalty amount. As such, City Defendants' motion to dismiss should be granted in its entirety.

**ARGUMENT[1]**

### I.   STANDARD OF REVIEW

While on a motion to dismiss, the Court accepts "well-pleaded factual allegations as true" and draws "inferences in the plaintiffs' favor" (Pl. Op. 4), a "complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir.) cert denied 519 U.S. 1007 (1996). Thus, Plaintiff cannot claim that it "faces potential annual exposure approaching [$224,000]" and a "maximum of [$2,000] per violation" (Pl. Op. 3-4) and ask that the Court accept this as true where, as here, Plaintiff has only allegedly received $30,000 in penalties over a three-year period (Pl. Op. 3) and where $2,000 is only imposed for repeated defaults on summonses (see Section 43-02 of Title 15 of the Rules of the City of New York ("RCNY")) and where Plaintiff does not allege it has defaulted on a single summons. Plaintiff cannot fabricate allegations and ask the Court to accept them as true. Further, while a Court is generally limited to "factual assertions" not "outside the Complaint" (Pl. Op. 4), nothing prevents the Court from "tak[ing] judicial notice of public documents or documents of public record" in addition to "records of administrative bodies" (Catalano v. Grimmway Enters., Inc., No. 24 Civ. 8817 (NAR), 2026 U.S. Dist. LEXIS 55793, at *6 (S.D.N.Y. Mar. 13, 2026)) and "documents from official government websites" on a motion to dismiss. Yasko v. N.Y. Univ., 63 F.4th 186, 191 n.4 (2d Cir. 2023).

### II.   THE DORMANT COMMERCE CLAUSE CLAIM FAILS

Plaintiff initially argued that the Idling Law violated the dormant Commerce Clause because it discriminated against Plaintiff in favor of New York City Transit Authority ("NYCTA")

---

[1] Plaintiff should not be granted leave to "replead" should the "Court find any cause of action deficient in any respect" (Pl. Op. 2) because repleading would be futile. "[I]t is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile." Hunt v. All. N. Am. Gov't Income Tr., Inc., 159 F.3d 723, 728 (2d Cir. 1998).

and Metropolitan Transit Authority ("MTA") buses. See Memorandum of Law in Support of Plaintiff's Request for a Temporary Restraining Order and Preliminary Injunction (ECF 77) at 19. Plaintiff now concedes that this argument fails. Pl. Op. 6. Instead, Plaintiff argues that the Idling Law violates the dormant Commerce Clause under Pike v. Bruce Church, 397 U.S. 137 (1970) ("Pike") (Pl. Op. 6-7) and that the Pike inquiry "cannot be performed on the pleadings." Id. This is incorrect. See Vizio, Inc. v. Klee, 886 F.3d 249, 260 (2d Cir. 2018); see also Nat'l Shooting Sports Found., Inc. v. James, 144 F.4th 98, 117 (2d Cir. 2025), cert. denied No. 25-1026, 2026 U.S. LEXIS 2486 (June 15, 2026) (dismissing a dormant Commerce Clause challenge under Fed. R. Civ. P 12(b)(6) after conducting an analysis under Pike). As such, Plaintiff's reliance on Selevan v. N.Y. Thruway Auth., 584 F.3d 82 (2d Cir. 2009) and Ass'n of Int'l Auto. Mfrs. v. Abrams, 84 F.3d 602 (2d Cir. 1996) for the argument that a dormant Commerce Cause claim cannot be resolved in a motion to dismiss is woefully misplaced. Pl. Op. 6-7. In Selevan, the Court of Appeals for the Second Circuit reversed the dismissal of a dormant Commerce Clause claim, not because there was no developed record (Pl. Op. 7), but rather because the District Court did not conduct any sort of Pike analysis before dismissing the Complaint. In Ass'n of Int'l Auto. Mfrs., the Court of Appeals reversed the District Court's grant of summary judgment (not a motion to dismiss) because there were "genuine issues of fact as to… Commerce Clause claims…." 84 F.3d at 604.

The Court will "uphold a law under Pike unless the incidental burdens it imposes on interstate commerce are 'clearly excessive' in relation to its local benefits." Rest. L. Ctr. v. City of N.Y., 90 F.4th 101, 107 (2d Cir. 2024). The Idling Law imposes no incidental burden on interstate commerce. See United States Baseball v. City of N.Y., 509 F. Supp. 2d 285, 301-02 (S.D.N.Y. 2007). There is also no burden on interstate commerce because both in-state and out-of-state private entities are treated identically. See, e.g., Bus. for a Better N.Y. v. Angello, 341 F.

3

App'x 701, 705 (2d Cir. 2009) ("New York's scaffold laws apply equally to in-state and out-of-state construction companies working in New York; so there is no disparate impact and no economic protectionism."). Even if, assuming arguendo, there were a burden on interstate commerce – which there is not – any burden is not excessive in relation to the benefits of the Idling Law. The "burdens" Plaintiff identifies have nothing to do with the Idling Law – nothing in the Idling Law implicates drivers or prevents traveling from a point inside of New York City to a point outside of the state. Pl. Op. 7. And Plaintiff's reliance on Metro Produce Distribs. v. City of Minneapolis, 473 F. Supp. 2d 955 (D. Minn. 2007) is misplaced. Pl. Op. 7. The challenged law in Metro Produce, unlike the Idling Law, burdened interstate commerce by prohibiting the operation of a "mobile refrigeration unit" thus requiring "fresh produce transporters to risk damaging their loads by turning off mobile refrigeration units" which "unduly control[ed] the scheduling of interstate shipments" and required "those involved in the produce supply chain [to] adjust their schedules" so that "produce is delivered in Minneapolis outside of peak hours for trucking and warehouse work." 473 F. Supp. at 963-64. The Idling Law's impact is not analogous to that of the law at issue in Metro Produce.

## III.   THE DUE PROCESS CLAIMS FAIL
### A.   The Idling Law Does Not Violate Due Process

Plaintiff misunderstands City Defendants' argument, and the protections afforded by the due process clause of the United States Constitution. Yes, the "centerpiece of [City] Defendants' procedural due process argument is that [Plaintiff] received 'robust' process because an [Office of Administrative Trials and Hearing ("OATH")] hearing and a later Article 78 proceeding were available." Pl. Op. 10. Plaintiff's description is accurate; more importantly, this process *does* protect Plaintiff's due process rights. Where, as here, "deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide

a pre-deprivation hearing." Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006). Pl. Op. 10. Thus, Plaintiff correctly argues that "the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process" (Rivera-Powell, 470 F.3d at 465; Pl. Op. 10) and City Defendants do not argue otherwise. And Plaintiff is provided with both pre- and post-deprivation process. Plaintiff can challenge a summons issued for violations of the Idling Law at OATH; can challenge a decision of an OATH Hearing Officer in an appeal before the OATH Appeals Division; can challenge a decision of the OATH Appeals Division in a New York Civil Practice Law and Rules Article 78 proceeding; and can challenge an Article 78 decision in the relevant Appellate Division as of right. Plaintiff can raise at a hearing, at an appeal, and in an Article 78 any alleged deficiencies in the Idling Law, such as the delay in receiving summonses. Pl. Op. 10-11. There are also mechanisms in place to request the issuance of a subpoena for a Citizen Reporter to testify at the administrative hearing before OATH. See 48 RCNY § 6-13(b). And, finally, Plaintiff can raise constitutional issues in an Article 78 proceeding, and Plaintiff does not meaningfully argue otherwise. See also Univ. Club v. New York, 842 F.2d 37, 40 (2d Cir. 1988) ("New York case law abundantly supports the conclusion that constitutional claims arising from the application of a statute may be raised in an Article 78 petition.").

Finally, Plaintiff's attempts to find that the process provided is inadequate under Mathews v. Eldridge, 424 U.S. 319 (1976) fails. First, the private interest at stake is not substantial – to date Plaintiff alleges it has only received 117 summonses and $30,000 in fines (Pl. Op. 3) and cannot realistically claim fines are "approaching $224,000." Pl. Op. 12. Second, there is minimum risk of erroneous deprivation; complaints are vetted by DEP. And nothing prevents Plaintiff from raising a late arriving notice as a defense at OATH. Third, there is no need for additional safeguards. Hearings at OATH are governed by the procedures set forth in the 48 RCNY §§ 6-07-

6-15 which provides "neutral evidentiary standards." Pl. Op. 12-13. And there are mechanisms for Plaintiff to appeal any OATH decisions administratively and judicially.

## B.    The Idling Law Does Not Violate Substantive Due Process

Since there is nothing "outrageously arbitrary as to constitute gross abuse of a government authority" (Pl. Op. 13) about the Idling Law, Plaintiff makes a number of unrelated arguments with the hope that one of them can salvage its substantive due process claim. First, Plaintiff attempts to compare this action to Wantanabe Realty Corp. v. City of N.Y., 315 F. Supp. 2d 375 (S.D.N.Y. 2003). Pl. Op. 13. In Wantanabe, the City demolished a roller coaster based on an Emergency Declaration issued by an inspector who inspected the roller coaster via binoculars and had a "lack of qualifications to judge the structural integrity of the steel[.]" Plaintiff cannot compare the destruction of a roller coaster (accomplished with no pre-deprivation opportunity to be heard) to the issuance of summonses that can be administratively and judicially challenged.

Second, Plaintiff reiterates its argument that, since the Idling Law does not stop all idling it is somehow outrageous because, Plaintiff argues without any support, that NYCTA and MTA buses are "the largest contributors to the harm it names…." Pl. Op. 13. Substantive due process only requires that a law "bear[] a rational relationship to a legitimate purpose." Pl. Op. 14. This is a "deferential standard [and] plaintiffs' due process claim will fail if the Act is rationally related to any legitimate state interest." Dittmer v. Cty. of Suffolk, 59 F. App'x 375, 378 (2d Cir. 2003). There is nothing arbitrary about a law that penalizes an environmentally harmful activity through the issuance of penalties nor is the issuance of penalties for violations of the Idling Law unrelated to the legitimate purpose of reducing idling.

## IV.    THE IDLING LAW IS NOT UNCONSTITUTIONALLY VAGUE

Although there is nothing vague about the Idling Law, Plaintiff argues that the Idling Law "suppl[ies] several conflicting [numerical idling limits] keyed to terms it never

6

defines." Pl. Op. 15. This is also wrong. Plaintiff presents a hypothetical where a bus driving from New Jersey into Manhattan stops at Central Park and then Madison Square Garden ("MSG") and argues that the law is vague because the operator would not know whether Central Park or MSG are a "terminal point" and would therefore not know how long it is allowed to idle under Admin. Code § 24-163(a) and (f) at each point.[2] Pl. Op. 16. This proves why the Idling Law is not vague. First, although "terminal point" is not defined in the Idling Law, the dictionary definition is "the final destination or station of a bus or rail journey."[3] Thus, based on Plaintiff's hypothetical, only MSG is the terminal point. Pl. Op. 16. Further 15 RCNY § 39-02 provides a diagram and examples to demonstrate what is considered to be "adjacent" to a park or school and shows whether the bus would be permitted to idle near Central Park for more than one minute under Admin. Code § 24-163(f). Finally, Admin. Code § 24-163(f) makes clear that idling near a park is forbidden for more than one minute "unless the engine is used to operate a loading, unloading or processing device" and that only a school bus may idle for passenger comfort and to operate a wheelchair lift in an emergency evacuation. Plaintiff's mental gymnastics to make this section apply to a non-school bus fails. Pl. Op. 16. Finally, there is nothing vague about the enforcement of the Idling Law. Pl. Op. 17. It is clear that members of the public can report instances of bus and truck idling.

Finally, Plaintiff's reliance on Metro Produce, 473 F. Supp. 2d 955 is once again misplaced. In Metro Produce the court noted that, while the language of one section of the ordinance "appear[ed] sufficiently clear to provide fair notice of what conduct is prohibited, the

---

[2] Admin. Code § 24-163(a) forbids any idling "at any terminal point, whether or not enclosed, along an established route" while Admin. Code § 24-163(f) penalizing idling for more than one minute adjacent to a park or school.

[3] See Definition of 'terminal point,' Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/terminal-point (last visited Jul. 20. 2026)

manner in which the City is applying the ordinance renders it unconstitutionally vague. The City is relying on the ordinance to punish conduct that is beyond the scope of the ordinance…[and] city officials rely on [this section of the ordinance] to punish conduct not proscribed by the ordinance." Id. at 960. Here Plaintiff has not actually identified any instance of the City punishing conduct not specified in the Idling Law. Another section of the law in Metro Produce was found to be vague because it did not "provide quantitative parameters that define the duration of prohibited idling or the amount of time between when the vehicle stops and when idling becomes prohibited" and thus, "city officials [had] unfettered discretion to apply the ordinance in an arbitrary manner." Once again, there are no similarities– the Idling Law specifies what is prohibited and what is allowed – despite Plaintiff's attempt to manufacture vagueness. And Plaintiff is incorrect when it argues that Citizen Reporters are "suppli[ed] with no standards." Pl. Op. 17. The opposite is true – DEP not only imposes standards on Citizen Reporters but also refuses to issue summonses when these standards are not met. And penalties are only paid after each summons is prosecuted at OATH.

## V.    THE EQUAL PROTECTION CLAIMS FAIL

Both of Plaintiff's Equal Protection claims fail. First, Plaintiff argues that its class-of-one claim should not be dismissed because "[t]o the extent the public character of the transit authorities makes them imperfect comparators, that bears on the choice of comparator rather than on the viability of the claim." Pl. Op. 18. This is wrong – in order to survive a motion to dismiss a class-of-one claim "Plaintiff must identify a comparator that is 'prima facie identical' to it." Certified Collision Experts, Inc. v. Town of Babylon, No. 23-CV-08524 (JMA) (LGD), 2024 U.S. Dist. LEXIS 216318, at *12 (E.D.N.Y. Nov. 27, 2024). Plaintiff has not identified a comparator and also concedes that MTA and NYCTA are "imperfect comparators[.]" Pl. Op. 18. Plaintiff then argues that "[w]hether two parties are similarly situated is ordinarily a factual issue, to be determined at summary judgment or trial, and should not be decided on the pleadings." Pl. Op. 18.

8

This is incorrect. <u>See</u>, <u>e.g.</u>, <u>Progressive Credit Union v. City of N.Y.</u>, 889 F.3d 40, 51 (2d Cir. 2018) (affirming dismissal of a class-of-one claim based on "different circumstances [that] have led the TLC to impose various regulations on medallion taxicabs that are not imposed on FHVs."). Plaintiff has failed to identify an adequate comparator and its claim fails without one.

Plaintiff's selective enforcement claim fails for two reasons. First, Plaintiff has failed to identify "comparators whose circumstances 'bear a reasonably close resemblance' to their own." <u>McCartney v. City of N.Y.</u>, No. 23 Civ. 8232 (NRM) (JAM), 2025 U.S. Dist. LEXIS 188275, at *7 (E.D.N.Y. Sep. 23, 2025) (citations omitted). Second, Plaintiff does not identify an impermissible consideration; nothing prevents differential treatment to publicly-owned buses providing public transit to further a legitimate state objective. <u>See</u> <u>Manbeck v. Town of Lewisboro</u>, 05 Civ. 4576 (CLB)(GAY), 2008 U.S. Dist. LEXIS 109123, at *24 (S.D.N.Y. Mar. 4, 2008) ("A successful plaintiff [in a selective enforcement claim] must establish that the governmental actor was motivated by reasons wholly unrelated to any legitimate state objective….")

## VI. THE EXCESSIVE FINES CLAIM FAILS

The Complaint's Excessive Fine claim fails; Plaintiff cannot establish, and in fact does not even argue, that the penalty imposed for each individual summons is grossly disproportionate to the gravity of the offense. Pl. Op. 19 ("Best Trails does not challenge one $350 or $600 penalty in isolation."). Plaintiff's argument that the summonses are a "volume-based enforcement regime and/or scheme that repeatedly imposes punitive fines arising from the same statutory scheme" (Pl. Op. 19) does not reach a grossly disproportionate standard. Indeed, Plaintiff's argument improperly rests on the continued accrual of additional penalties resulting from its own repeated violations of the Idling Law, not on any alleged constitutional defect in the amount of the individual penalty. Repeatedly committing the same offense and then asserting that the resulting aggregate amount of fines has become burdensome does not transform lawful

penalties into excessive fines. The Eighth Amendment does not insulate a repeat offender from the cumulative consequences of multiple separate violations. See Torres v. City of New York, 590 F. Supp. 3d 610, 620 (S.D.N.Y. 2022) (rejecting plaintiffs' argument that otherwise permissible individual fines became excessive based on the cumulative number of parking tickets issued). Plaintiff's argument effectively rewards continued noncompliance with the Idling Law by creating excessive fines through repeated violations of the Idling Law. Courts have rejected similar attempts to convert the cumulative effect of multiple penalties into an excessive fines claim absent claims that individual per violation penalty was constitutionally excessive. See Segura v. Niblack, No. 25 Civ. 491 (AMD)(PK), 2026 U.S. Dist. LEXIS 97692, at *20-21 (E.D.N.Y. Mar. 16, 2026) (Dismissal of excessive fines claim where the "plaintiff accumulated thousands of dollars in fines on 64 parking tickets [and this] does not make the fines grossly disproportional.")

Plaintiff cannot establish that the penalties themselves are grossly disproportionate to the gravity of each offense. Instead, Plaintiff doubles-down on the argument that the potential accumulation of future fines could expose it to approximately $224,000 in annual penalties. Pl. Op. 20. However, such an argument is based entirely on speculation because it presupposes receipt of multiple summonses for continued violation of the Idling Law and subsequent defaults on each summons. Plaintiff identifies no facts demonstrating that it is likely to incur $224,000 in penalties. Rather, Plaintiff's calculation depends on speculative repeated violations of the Idling Law, and repeated defaults, at a rate sufficient to generate hundreds of thousands of dollars in annual penalties.

## CONCLUSION

For the foregoing reasons, the Court should grant City Defendants' motion to dismiss the Complaint and deny Plaintiff's motion for injunctive relief.

Dated:      New York, New York
            July 22, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for City Defendants*
100 Church Street
New York, New York 10007
(212) 356-2212
gzilkha@law.nyc.gov

By: _____
        Genan F. Zilkha
        *Assistant Corporation Counsel*

11